**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ORPILLA,<br><br>       Petitioner,<br><br>  v.<br><br>HAWAII STEVEDORES,<br>INCORPORATED; et al.,<br><br>       Respondents. | No.   18-72606<br><br>BRB No. 18-0079<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 4, 2020[**]
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Petitioner David Orpilla seeks review of a Department of Labor Benefits

Review Board ("BRB") order denying reconsideration of an administrative law

judge's ("ALJ") attorneys' fees award. We have jurisdiction under 33 U.S.C.

921(c) and, reviewing the award of attorney's fees for abuse of discretion,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1052 (9th Cir. 2009), deny the petition.

Orpilla argues the ALJ improperly concluded the relevant legal community for the purposes of calculating attorney's fees was Hawaii, rather than his counsel's home market of the San Francisco Bay Area, but "we leave it to the BRB, ALJs, and District Directors to determine the 'relevant community.'" *Shirrod v. Dir., OWCP*, 809 F.3d 1082, 1088 n.5 (9th Cir. 2015). This determination was supported by substantial evidence: Orpilla, Orpilla's employer, the incident giving rise to this litigation, and the location where a hearing would have taken place are all in Hawaii. *See id.* at 1087.

Orpilla also contends the ALJ "only minimally acknowledged" the evidence he submitted in support of his hourly rate, instead using hourly rate calculations from a different case. But Orpilla submitted no evidence of the prevailing rates in the Hawaiian legal market, and when an applicant fails to produce this evidence, the ALJ and BRB may rely on other Longshore and Harbor Workers Compensation Act cases "in order to ascertain a reasonable fee." *Christensen*, 557 F.3d at 1055.

**DENIED.**